IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BENJAMIN S. TEWES, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FANDUEL, INC., a Delaware corporation,<br><br>　　　　　　Defendant. | )<br>)<br>)  Case No. 4:16-cv-00007-CDL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT FANDUEL, INC.'S MOTION TO STAY PROCEEDINGS PENDING JPML DETERMINATION AND MEMORANDUM OF LAW IN SUPPORT

Defendant FanDuel, Inc. respectfully asks that the Court stay this case while the Judicial Panel on Multidistrict Litigation decides whether to consolidate this action—and more than 50 similar actions—into multidistrict litigation. Specifically, FanDuel seeks a stay until the JPML decides the following consolidation and transfer motions, filed under 28 U.S.C. § 1407 (collectively, the "MDL transfer motions"):

- *In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677
- *In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678
- *In re: FanDuel, Inc., Fantasy Sports Litigation*, MDL No. 2679

Courts around the country have already stayed parallel proceedings involving similar allegations against FanDuel (and another online fantasy sports contest operator, DraftKings, Inc., which is also a defendant in many of the similar actions), and there is good reason to stay this action, too. *See*, *e.g.*, *Allgeier v. FanDuel Inc.*, No. 3:15-cv-00798, ECF No. 5 (W.D. Ky. Oct. 30, 2015) (staying proceedings in a similar case against FanDuel and DraftKings pending resolution of the above-referenced MDL transfer motions); *Tyler v. FanDuel, Inc.*, No. 1:15-cv-2159 (N.D. Ohio Nov. 17, 2015) (same); *Horan v. DraftKings, Inc.*, No. 4:15-cv-1643, ECF

{00677418.DOCX / }

No. 12 (E.D. Mo. Nov. 23, 2015) (same); *Genchanok v. FanDuel, Inc.*, No 2:15-cv-05127, ECF No. 23 at 4 (E.D. La. Dec. 1, 2015) (same); *Hemrich v. DraftKings, Inc.*, No. 3:15-cv-00445, ECF No. 43 at 2 (S.D. Ill. Dec. 2, 2015) (same); *Gardner v. DraftKings, Inc.*, No. 1:15-cv-12320, ECF No. 36 (D. Mass. Dec. 7, 2015) (same); *Hodge v. FanDuel, Inc.*, No. 1:15-cv-03950, ECF No. 6 (N.D. Ga. Dec. 7, 2015) (same); *Guarino v. FanDuel, Inc.*, No. 3:15-cv-01123, ECF No. 40 (S.D. Ill. Dec. 8, 2015) (same); *Mosely v. FanDuel, Inc.*, No. 1:15-cv-00912, ECF No. 9 (M.D.N.C. Dec. 8, 2015) (same); *Hodge v. DraftKings, Inc.*, No. 1:15-cv-03951, ECF No. 8 (N.D. Ga. Dec. 9, 2015) (same); *Belton v. FanDuel, Inc.*, No. 1:15-cv-08234, ECF No. 11 (S.D.N.Y. Dec. 17, 2015) (same); *Belton v. FanDuel, Inc.*, No. 1:15-cv-13602, ECF No. 18 (D. Mass. Dec. 18, 2015); *Gomez v. FanDuel, Inc.*, No. 1:15-cv-23858, ECF No. 64 (S.D. Fla. Dec. 21, 2015) (same); *Wax v. FanDuel, Inc.*, No. 1:15-cv-24450, ECF No. 13 (S.D. Fla. Dec. 21, 2015) (same); *Carbone v. FanDuel, Inc.*, No. 3:15-cv-01740, ECF No. 18 (D. Conn. Dec. 28, 2015) (same); *Firestone v. FanDuel, Inc.*, No. 1:15-cv-2376, ECF No. 15 (D. Colo. Dec. 29, 2015) (same); *Triantafylidis v. FanDuel, Inc.*, No. 4:15-cv-01007, ECF No. 4 (W.D. Mo. Dec. 29, 2015) (same); *Lozada v. FanDuel, Inc.*, No. 2:15-cv-02083, ECF No. 14 (N.D. Ala. Jan. 8, 2016) (same).[1, 2]

These courts have granted FanDuel's and DraftKings' requests for stays—many with the plaintiffs' consent, but several over plaintiffs' objections—to ensure "there will not be unnecessary duplication of effort, prejudice to the parties, or any inconsistent rulings while the courts and parties await the JPML's decision." *Hemrich v. DraftKings*, No. 3:15-cv-00445,

---

[1] For the Court's convenience, the various orders granting FanDuel's and DraftKings' requested stays in the parallel cases are attached as Exhibit 1. Where there is no document associated with a particular order granting stay, FanDuel has provided a copy of the particular case's PACER docket report.

[2] Two other Georgia putative class actions have been filed—one against FanDuel and one against DraftKings. Both of those putative class action cases (*Hodge v. FanDuel* and *Hodge v. DraftKings*) are pending in the Northern District of Georgia, and both have been stayed pending the JPML's MDL decision. (*See* Exhibit 1.)

2

ECF No. 43 at 2 (order individually attached as Exhibit 2).  Otherwise, FanDuel "would face hardship by proceeding in [these] matters before the JPML has rendered its decision." *Genchanok v. FanDuel*, No 2:15-cv-05127, ECF No. 23 at 4 (order individually attached as Exhibit 3).  Indeed, a stay in this case pending the JPML's ruling will "maximize judicial economy among the [many] courts" where actions like this one are pending.  *Firestone v. FanDuel*, No. 1:15-cv-02376, ECF No. 15 at 4 (order individually attached as Exhibit 4).  FanDuel respectfully requests that this Court stay this case as well.

## Background

Plaintiff filed his lawsuit on December 9, 2015 in the Superior Court of Muscogee County under the caption *Tewes v. FanDuel, Inc.*, Case No. SU15CV3483-05.  FanDuel removed it on January 8, 2016.  (ECF No. 1.)  Plaintiff has indicated that he will soon seek to remand this case to Georgia superior court.

This action is one of more than 50 recently filed cases pending in courts around the country concerning the fantasy sports contests FanDuel and DraftKings have been offering on their websites for years.[3]  Plaintiff here—like plaintiffs in other recent cases against FanDuel and DraftKings in Georgia—alleges that Georgia laws prohibit FanDuel's fantasy sports contests. (*See*, *e.g.*, Compl. ¶¶ 40–41); *see also Hodge v. FanDuel, Inc.*, No. 1:15-cv-03950-TWT, Am. Compl. ¶¶ 3–4, ECF No. 3 (N.D. Ga. Nov. 12, 2015) (alleging Georgia law forbids FanDuel's fantasy sports contests); *Hodge v. DraftKings, Inc.*, No. 1:15-cv-03951-RWS, Am. Compl. ¶ 3, ECF No. 3 (N.D. Ga. Nov. 30, 2015) (alleging Georgia law forbids DraftKings' fantasy sports contests).[4]  Plaintiffs in several other recently filed cases likewise contend FanDuel's and

---

[3] A table identifying these cases is attached as Exhibit 5.

[4] For the Court's convenience, the operative complaints from both *Hodge* cases are attached as Exhibit 6.

DraftKings' contests violate the laws of various other states—for example, those of Alabama, Florida, Kentucky, Mississippi, New Mexico, New York, Ohio, and Tennessee.[5]

In addition to these cases, other recent putative class actions assert that FanDuel allowed DraftKings employees to play on the FanDuel website using DraftKings' material non-public information, and that DraftKings allowed FanDuel employees to play on the DraftKings website using FanDuel's material non-public information. Still other recent cases allege FanDuel's and DraftKings' website users were somehow deceived by their respective offers to match users' initial deposits into their fantasy sports accounts. Some of the purported class actions contain a mixture of these claims.

On October 15, 2015, a plaintiff in one of the putative class actions filed a JPML petition asking that the fantasy sports cases be brought before one court under the MDL procedure. (*In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677.)[6] On October 17 and 18, 2015, respectively, two more petitions were filed seeking similar relief. (*In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678; *In re: FanDuel, Inc., Fantasy*

---

[5] *See*, *e.g.*, *Lozada v. DraftKings, Inc.*, No. 2:15-cv-02083, Compl. ¶¶ 3–5, ECF No. 1 (N.D. Ala. Nov. 24, 2015) (alleging FanDuel's contests violate Alabama gambling law); *Gomez v. FanDuel Inc.*, No. 1:15-cv-23858, Second Am. Compl. ¶¶ 172–75, ECF No. 36 (S.D. Fla. Dec. 14, 2015) (same as to Florida law); *Wax v. FanDuel, Inc.*, No. 1:15-cv-24450, Compl. ¶¶ 169–73, ECF No. 1 (S.D. Fla. Dec. 2, 2015) (Florida law); *Williams v. FanDuel, Inc.*, No. 1:15-cv-00153, Compl. ¶¶ 3–4 (W.D. Ky. Dec. 15, 2015) (Kentucky law); *Herod v. FanDuel, Inc.*, No. 4:15-cv-00173, Compl. ¶¶ 3–4, ECF No. 1 (N.D. Miss. Dec. 2, 2015) (Mississippi law); *Buscema v. FanDuel, Inc.*, No. 1:15-cv-01121, Compl. ¶ 7, ECF No. 1-2 (D.N.M. Dec. 10, 2015) (New Mexico law); *DeGroot v. DraftKings, Inc.*, No. 2:15-cv-01122, Compl. ¶ 8, ECF No. 1-2 (D.N.M. Dec. 10, 2015) (New Mexico law); *Lahoff v. FanDuel, Inc.*, No. 1:15-cv-01134, Am. Compl. ¶¶ 5–11, ECF No. 1-1 (D.N.M. Dec. 14, 2015) (New Mexico law); *Guttman v. FanDuel, Inc.*, No. 1:15-cv-9084, Am. Compl. ¶¶ 299–304, ECF No. 70 (S.D.N.Y. Dec. 4, 2015) (New York law); *Tyler v. FanDuel, Inc.*, No. 1:15-cv-2159, Compl. ¶¶ 3–4, ECF No. 1 (N.D. Ohio Oct. 19, 2015) (Ohio law); *Backer v. FanDuel, Inc.*, No. 3:15-cv-1432, Compl. ¶¶ 3–6, ECF No. 1 (M.D. Tenn. Dec. 3, 2015) (Tennessee law).

[6] Exhibit 7 (Petition in MDL No. 2677).

*Sports Litigation*, MDL No. 2679.)[7]  The JPML will hear these motions on January 28, 2016 in all three MDLs.[8]  FanDuel expects the Panel will consolidate most or all of the cases, including this one, and assign them to one judicial district for pretrial proceedings.

## Argument

Federal courts possess inherent powers to stay proceedings.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  "It is common practice for courts to stay an action pending a transfer decision by the JPML."  *Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007).  That's because stays in such circumstances conserve judicial resources and promote efficiency.  *See*, *e.g.*, *Stinger v. Volkswagen Grp. of Am., Inc.*, No. 15-00509-N, 2015 U.S. Dist. LEXIS 151342 (S.D. Ala. Nov. 9, 2015) (granting stay until the JPML's decision); *Harris v. Biomet, Inc.*, No. 8:13-cv-2823-T-26EAJ, 2013 WL 7017684, at *1 (M.D. Fla. Nov. 19, 2013) (stays pending MDL decision "preserve client and judicial resources"); *Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) (stays pending JPML ruling "promote the interests of efficiency and judicial economy").

In fact, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases); *see also Stinger*, 2015 U.S. Dist. LEXIS 151342, at *3 (same).  Staying proceedings under these circumstances serves the principal aims

---

[7]  Exhibits 8 and 9 (Petitions in MDL Nos. 2678, 2679).

[8]  Exhibit 10 (Notices of Hr'g, ECF No. 113, MDL No. 2677; ECF No. 54, MDL No. 2678; ECF No. 49, MDL No. 2679 (J.P.M.L. Dec. 16, 2015)).

of multidistrict litigation—preserving the parties' and the Court's resources and avoiding inconsistent decisions on the same pretrial matters. *See In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1385 (J.P.M.L. 2002) (noting that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re Air Crash Near Kirksville, Mo., on Oct. 19, 2005*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005) (same).

Typically, courts consider three factors when determining whether to stay a case pending the JPML's decision: (1) potential prejudice to the non-movant; (2) hardship and inequity to the moving party if the action is *not* stayed; and (3) the judicial resources saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers*, 980 F. Supp. at 1360 (citing *Am. Seafood v. Magnolia Processing, Inc.*, Civ. A. Nos. 92–1030, 92–1086, 1992 WL 102762, at *1–2 (E.D. Pa. May 7, 1992)). Here, a stay will ensure efficiency, conserve resources, and will not prejudice Plaintiff.

**A.     Plaintiff will suffer no prejudice from a brief stay.**

This case is in its infancy. Having just been filed on December 9 and removed on January 8, the case remains at the pleading stage.[9] FanDuel has not answered the complaint; discovery has not yet begun. The case is barely a month old. Under these circumstances, a short stay will not prejudice Plaintiff. *See Milrot v. Apple Inc.*, No. 10-61130-CIV, 2010 WL 3419699, at *1 (S.D. Fla. Aug. 27, 2010) (granting stay pending JPML's decision

---

[9] The Parties recently agreed to an extension of time for FanDuel's responsive pleading deadline and for other of the Parties' pretrial deadlines, pending a decision on Plaintiff's forthcoming remand motion. FanDuel therefore filed a consent motion on January 11, 2016, reflecting the parties' agreement. (*See* Consent Motion, ECF No. 3.) Plaintiff has indicated, however, that he will not agree to stay this case pending the JPML decision.

because the "action [was] not procedurally advanced, . . . discovery ha[d] not yet begun and the case [was] less than 60 days old").

If the JPML transfers this case soon after its January 28 hearing (as FanDuel expects), the transferee court will then consider all pretrial matters. If the JPML *denies* the MDL transfer motions, this Court can lift the stay right away, and the Parties can proceed without delay. *Kline v. Earl Stewart Holdings, LLC*, No. 10-80912-CIV., 2010 WL 3432824, at *2 (S.D. Fla. Aug. 30, 2010) ("Should the JPML not transfer this action, . . . any party [may file] a motion to reopen this matter to proceed in this Court."). Either way, a brief stay poses no threat of prejudice to Plaintiff. *See Genchanok v. FanDuel, Inc.*, Exhibit 3 at 3–4 ("[P]laintiff has not cited any particular prejudice that would result from a stay."); *Hemrich v. DraftKings, Inc.*, Exhibit 2 at 2 ("A brief stay pending a decision from the Judicial Panel will ensure there will not be unnecessary duplication of effort, prejudice to the parties, or any inconsistent rulings while the courts and parties await the JPML's decision."). In the words of one district court, while there may be "some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be *saved* than was lost." *Rosenfield v. Hartford Fire Ins. Co.*, Nos. 88-2153 (MJL), 88-2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (emphasis added).

B.  **Plaintiff will suffer no prejudice by a brief deferral of his forthcoming remand motion.**

Plaintiff likewise will suffer no prejudice from a temporary deferral of a ruling on his forthcoming remand motion. Many courts have recognized the propriety of staying proceedings while the JPML considers MDL transfer motions—even while a remand motion is pending—because stays nevertheless "preserve client and judicial resources" and "promote consistency and economy with regard to jurisdictional objections." *Harris*, 2013 WL 7017684, at *1 (granting stay pending MDL determination, notwithstanding pending remand motion, and noting the "MDL panel has jurisdiction to transfer a case in which a jurisdictional objection is pending")

7

(quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir.1990)); *see Miller v. Merck & Co., Inc.*, No. 2:08-cv-757, 2008 WL 4642779, at *1–2 (M.D. Fla. Oct. 20, 2008) (same); *Sarvis v. Merck & Co., Inc.*, No. 2:08–cv–759, 2008 WL 4642775, at *1 (M.D. Fla. Oct. 20, 2008) (same); *Hammers v. Bayside Orthopaedics, Inc.*, No. 8:12-CV-2553-T-35-MA, 2012 WL 7861448, at *1 (M.D. Fla. Dec. 4, 2012) ("[T]he Court finds that this Motion [to Stay Proceedings] should be granted and that the issues raised in the Motion for Remand should be deferred until resolution of the JPML's decision on transferring this case.").

Indeed, it "is far better for judicial economy and the consistency of judicial rulings for any pretrial determination of jurisdiction to be handled by the transferee court selected by the JPML." *Kline*, 2010 WL 3432824, at *2; *Miller*, 2008 WL 4642779, at *1 (same); *see also e.g.*, *Lucas v. Springhill Hosps., Inc.*, No. 08-0520-CG-C, 2009 WL 160418, at *1 (S.D. Ala. Jan. 22, 2009) ("The undersigned commonly stays such cases even when jurisdictional issues have been raised because such jurisdictional issues are likely to arise in the other cases filed throughout the nation that will be transferred to the MDL Panel and consistency as well as economy are served by having those issues decided by a single court."); *Aikins v. Microsoft Corp.*, No. Civ.A.00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide remand motion because "the purpose of the JPML is to promote judicial economy and to prevent inconsistent rulings [and] [t]his case presents questions of fact similar to the other actions pending before the JPML.").

Brief stays—even when a remand motion is pending—don't impose hardship or prejudice. *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999) ("[U]pon consideration of what effect a brief stay may have on Plaintiff's Motion to Remand, the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision."); *see also Hood ex rel. Miss. v. Bristol-Myers Squibb Co.*, No. 1:12-CV-00179-GHD-DAS, 2013 WL 30098, at *2 (N.D.

Miss. Jan. 2, 2013) (granting a stay notwithstanding the Attorney General's pending motion to remand because "the Attorney General would not suffer prejudice from a stay only in effect until the MDL panel issues its transfer decision"). This is "because 'regardless of the outcome of the MDL panel's decision regarding the transfer of this case, [Plaintiff's] motion to remand will be resolved'" in due course. *Wood v. Johnson & Johnson*, No. WDQ-12-1572, 2012 WL 3240934, at *2 (D. Md. Aug. 3, 2012) (quoting *Dixon v. Mark Starring & Assocs., Inc.*, No. 11–2372, 2011 WL 5079393, at *2 (E.D. La. Oct. 19, 2011)).

"'[O]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.'" *Miller*, 2008 WL 4642779, at *1 (quoting *In re Ivy*, 901 F.2d at 9).[10] If the JPML declines transfer, then the parties can of course proceed with the jurisdictional issues in this Court at that time. *See generally Kline*, 2010 WL 3432824, at *2; *accord Aikins*, 2000 WL 310391, at *1 ("Should the Panel determine that consolidation of these cases is not warranted, Plaintiff may re-urge the [remand] motion.").

Plaintiff's case is one of many putative class actions that allege FanDuel's fantasy sports contests violate various states' gambling laws—and one of three so far that contend FanDuel's or

---

[10] Other courts have similarly stayed cases pending a JPML ruling even when a remand motion is pending. *See*, *e.g.*, *In re Ivy*, 901 F.2d at 9 ("We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.") (internal citation omitted); *Davis v. Pfizer, Inc.*, No. C 14-1204 SI, 2014 WL 1599005, at *1 (N.D. Cal. Apr. 21, 2014) ("The Court finds that a stay is in the interest of judicial economy and consistency because if this case is transferred to a MDL, the MDL judge can address the jurisdictional issues in a uniform manner."); *Poff v. McKesson Corp.*, No. C 13-03115 JSW, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (noting that "a short stay will not prejudice Plaintiffs, because they can renew their motion to remand in" the MDL action); *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL, even when other motions remain pending before the district court, including motions to remand.").

DraftKings' contests violate Georgia laws specifically.  The JPML will likely transfer and consolidate these actions into an MDL soon, at which time Plaintiff can bring his remand motion in the transferee court if he chooses.  If this case is *not* transferred, then this Court can decide the jurisdictional issue at that point.  Under these circumstances, a short stay will not prejudice Plaintiff.

**C.     FanDuel will suffer substantial hardship and inequity unless a stay is ordered.**

On the other hand, proceeding with several overlapping actions before the JPML makes its decision imposes hardship on a defendant.  *See Genchanok v. FanDuel, Inc.*, Exhibit 3 at 4 ("[DraftKings and FanDuel] would face hardship by proceeding in all of [these] matters before the JPML has rendered its decision.").  Without a stay, FanDuel will be forced to defend similar suits in different jurisdictions, potentially exposing it to "duplicative motion practice, redundant discovery proceedings, [and] inconsistent pretrial rulings."  *Lilak v. Pfizer Corp.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008).  Defending multiple similar actions simultaneously would require "an excessive amount of time, money and energy" that "could potentially be wasted."  *U.S. Bank v. Royal Indem. Co.*, No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002); *see also Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (finding that "continuing to litigate this case while waiting for a decision from the JPML that is likely to come in the near future would prove a substantial hardship and inequity to Defendants"); *Okla. ex rel. Pruitt v. U.S. E.P.A.*, Nos. 15-CV-0381-CVE-FHM, 15-CV-0386-CVE-PJC, 2015 WL 4607903, at *3–4 (N.D. Okla. July 31, 2015) (granting a stay motion pending an MDL determination, because the risk of inconsistent rulings would "significantly prejudice[]" the moving defendants); *Mirabile v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-2223-KHV-DJW, 2005 WL 1593661, at *2 (D. Kan. July 7, 2005) (granting a stay pending an MDL decision in part to "prevent the parties from incurring unnecessary litigation costs").

A short stay will avoid such wastefulness, hardship, and unnecessary expense. *See Genchanok*, Exhibit 3 at 4. There is of course no prejudice to Plaintiff here—but even if there was, "the prejudice . . . caused by a delay . . . is outweighed by the hardship to the defendants and the interests of judicial economy." *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, No. 10-1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010); *Alexander v. GlaxoSmithKline, LLC*, No. 15-2323, 2015 WL 5446792, at *1 (E.D. La. Sept. 15, 2015) ("[T]he hardship and inequity to the Defendant, as well as the potential for judicial inefficiency, far outweigh the burdens that a slight delay presents to the Plaintiff.")

**D.   A stay would conserve judicial resources and avoid duplicative litigation.**

Fundamentally, MDL proceedings ensure that issues common to related cases are addressed quickly and consistently. 28 U.S.C. § 1407; *see also In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002). Judicial consistency and economy are best "served by imposing a brief stay of this action pending a transfer decision by the JPML." *Giles v. POM Wonderful LLC*, No. 10-61684-CIV, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010); *see also Bonenfant*, 2007 WL 2409980, at *1 (noting "[c]ourts commonly stay" actions pending a JPML ruling as a means to "increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well") (citation and internal quotation marks omitted); *Mirabile*, 2005 WL 1593661, at *2 (finding a stay pending JPML ruling would "serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime").[11]

---

[11] District courts throughout the country have found the MDL process's economy and efficiency counsel in favor of a stay. *See*, *e.g.*, *Silverthorn v. Lumber Liquidators, Inc.*, No. 15-CV-01428-JST, 2015 WL 2356785, at *7 (N.D. Cal. May 15, 2015) ("[T]he interest of judicial economy would be furthered by deferring ruling on these motions until after the JPML has made its decision."); *Franklin v. Prospect Mortg., LLC*, No. 2:13-CV-00790 JAM-AC, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) ("Because a temporary stay would promote

11

Here, staying this action while the JPML makes its decision serves both consistency and judicial economy. If numerous courts proceed with pretrial matters before the JPML's ruling, the Parties' and the courts' efforts could be repeated needlessly. *See Hemrich*, Exhibit 2 at 2 (finding a "brief stay pending a decision from the Judicial Panel will ensure there will not be unnecessary duplication of effort, prejudice to the parties, or any inconsistent rulings while the courts and parties await the JPML's decision"); *Miller*, 2008 WL 4642779, at *2 (granting a stay to "preserve judicial and client resources and to promote consistency and economy with regard to jurisdictional objections").

Further, if the JPML transfers and consolidates these actions before one court as FanDuel expects, the transferee court will likely require one consolidated complaint. Permitting FanDuel to answer or otherwise respond to a *single* complaint, rather than 50 or more, is much more efficient. *See* 8 James Wm. Moore et al., *Moore's Federal Practice* § 42.13[5][a] (3d ed. 2015) (noting the advantages of consolidated complaints as a management tool for complex litigation). It makes no sense to have several courts considering the same pretrial issues. That would be wasteful, improvident, and could lead to inconsistent orders and subject FanDuel to conflicting obligations from case-to-case.

---

judicial economy and efficiency by preventing any possible duplicative efforts by this Court, the judicial economy factor weighs in favor of granting the stay."); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1051 (N.D. Ind. 2008) ("The Court finds that the considerations of judicial economy and potential prejudice to the Defendant weigh in favor of granting the requested stay."); *Toppins v. 3M Co.*, No. 4:05CV01356ERW, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006) ("Judicial economy weighs in favor of granting the request for a temporary stay pending a decision by the MDL panel."); *Beal v. Merck & Co.*, No. 05-1344T/AN, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (staying motion to remand because "in the absence of a stay, the risk to [the defendant] of duplicative motions and discovery is significant"); *Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. WorldCom, Inc*., 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002) (finding that the "interests of judicial economy and the threat of inconsistent rulings" favor a stay of all pretrial proceedings pending the JPML's transfer decision); *accord Hedberg v. Actavis Grp.*, No. 810-CV-592-T-33TBM, 2010 WL 963196, at *1 (M.D. Fla. Mar. 16, 2010) (staying action until the JPML "has dispositively ruled as to whether this case will be transferred to the consolidated multidistrict litigation").

Moreover, if the JPML orders transfer, discovery will take place in the MDL action before a single court, conserving this Court's resources (and those of the other courts where related actions are pending), and enabling the parties to engage in consolidated discovery and motion practice. Requiring FanDuel to forge ahead now would cause a wasteful duplication of effort. *See Giles*, 2010 WL 4630325, at *1 (granting stay to avoid duplicative discovery); *U.S. Bank*, 2002 WL 31114069, at *2 ("[B]y granting the stay, the Court will avoid the unnecessary waste of judicial resources"); *Miller*, 2008 WL 4642779, at *2 (granting stay in an "effort to preserve judicial and client resources and to promote consistency and economy").

There is no reason for this matter to proceed ahead of the many others. To avoid prejudice to the Parties from potentially inconsistent rulings and to ensure the efficient use of judicial resources, the Court should stay this action pending the outcome of the JPML's decision.

## Conclusion

A majority of courts conclude that granting a stay while a motion to transfer and consolidate is pending with the MDL Panel is the most efficient and best course—principally because stays undeniably conserve resources in these circumstances. A short stay here will likewise conserve this Court's and the Parties' resources, avoid duplicative litigation, prevent prejudice and potentially inconsistent rulings, and generally increase efficiency and consistency. Plaintiff will suffer no prejudice from a brief stay—even in light of his forthcoming remand motion. FanDuel therefore respectfully requests that this Court stay this case pending the outcome of the JPML proceedings.

Dated: January 11, 2016                                    Respectfully submitted,

/s/ Eric S. Fisher
Eric S. Fisher
Ga. Bar No.: 250428
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (678) 336-7238
Facsimile:  (770) 434-7376

efisher@taylorenglish.com

*Counsel for Defendant FanDuel, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11<u>th</u> day of January, 2016, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

/s/ Eric S. Fisher
Eric S. Fisher
Ga. Bar No.: 250428

*Counsel for Defendant FanDuel, Inc.*
